UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE A. BRUTCHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:07-CV-1934-JCH |
| ) | |
| JEFFERSON COUNTY, MISSOURI, et. al., ) | |
| ) | |
| Defendants. ) | |

## PROTECTIVE ORDER

The parties to this litigation and various third-parties may be producing documents which the parties assert contain or may contain information which is confidential and proprietary in nature. In order to expedite the production of said documents, and providing other testimony concerning same, the parties hereby consent to the entry of this Protective Order pursuant to the Federal Rules of Civil Procedure:

1. *Applicability of this Protective Order.* The parties are entitled to protection with respect to certain information and documents produced during discovery in this case, through appropriate limitation on the use, distribution and disclosure thereof. All confidential information, things, and documents filed with the Court or produced by any party or non-party in discovery in this action shall be governed by this Protective Order.

2. *Confidential Material Defined.* "CONFIDENTIAL" shall mean *specific, non-public* confidential, privileged, proprietary, technical, developmental, medical, business, strategic, private, and/or personal information that a party produces or discloses in connection with the litigation of this case that is not in the public domain, where the public or general disclosure of

such *specific, non-public* information would in the reasonable opinion of the producing party create a risk or harm to the producing party and/or the general public.

   3. ***Disclosure of Confidential Information or Material.***  Information and material designated as "CONFIDENTIAL" may be disclosed only to the following persons unless the designating party first otherwise agrees in writing or the Court first otherwise orders:

   (a)   experts retained by the parties and counsel for the parties, including their paralegals, secretarial staff, and other clerical personnel who are engaged in assisting counsel in this litigation;

   (b)   this Court and any Court personnel (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any hearing; and

   (c)   the parties to this litigation.

   4. ***Highly Confidential Material Defined.***  "HIGHLY CONFIDENTIAL" shall mean *specific, non-public* documents which the parties believe contain highly confidential and sensitive information including, but not limited to, certain training manuals, police policies and procedures, the individual personnel file(s) maintained by any past or present employer(s) of the parties, any documents that may contain the social security number(s), dates of birth, license numbers, past and present personal residence address(es) of the parties, and/or any other documents where the public or general disclosure of such *specific, non-public* information would in the reasonable opinion of the producing party create a *substantial* risk or harm to the producing party and/or the general public.

   5. ***Disclosure of Highly Confidential Material.***  Information and material designated as "HIGHLY CONFIDENTIAL" may be disclosed only to the following persons unless the

designating party first otherwise agrees in writing or a court having proper jurisdiction first otherwise orders:

(a) experts retained by the parties and counsel for the parties, including their paralegals, secretarial staff, and other clerical personnel who are engaged in assisting counsel in this litigation;

(b) this Court and any Court personnel (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any hearing;

(c) SPECIFICALLY, A "HIGHLY CONFIDENTIAL" DOCUMENT OR TRANSCRIPT AND ANY INFORMATION CONTAINED THEREIN MAY NOT BE DISCLOSED DIRECTLY TO PLAINTIFF OR DEFENDANTS.

6. ***Disclosure Requirements Applicable to Both Confidential and Highly Confidential Materials.*** No person receiving any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" document or transcript shall disclose it or its contents to any person other than those specifically set forth herein, and only for the purposes specified herein, and in no event shall such person make any other use of such document, transcript or contents. Any person to whom "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" documents or transcripts are made available shall be advised by counsel of the terms of this Protective Order and shall be instructed that they may only use the documents pursuant to the terms of this Protective Order and after the conclusion of the litigation, all copies of documents in their possession must be returned to the producing party's attorney of record or destroyed.

7. ***Depositions Testimony.*** Any deposition testimony concerning such documents and/or information may also be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

The court reporter shall separately transcribe those portions of the testimony so requested by the attorney representing the deponent and the court reporter shall mark those portions of the transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Any portion of the transcript so marked shall be treated in accordance with this Protective Order.

8. *Confidential or Highly Confidential Exhibits.* Whenever any document designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is identified as an exhibit in connection with testimony given in these proceedings, shall be treated in accordance with this Protective Order.

9. *Inadvertent Non-Designation.* A designating party that inadvertently fails to mark an item as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or marks an item with an incorrect designation of confidentiality at the time of the production shall have five (5) days after the inadvertent failure or mistake to correct its failure or mistake. The correction shall be made in writing, may be sent by electronic mail or other means, and shall be accompanied by substitute copies of each item, appropriately marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Within five (5) business days of receipt of the substitute copies, the receiving party shall return the previously unmarked, or incorrectly marked, items and all copies thereof.

10. *Protecting Confidential and/or Highly Confidential Materials.* Each person who receives any CONFIDENTIAL or HIGHLY CONFIDENTIAL documents or materials shall exercise due and proper care, in connection with the storage, custody, use, and dissemination of such material, to avoid intentional or inadvertent disclosure to persons whom disclosure is not permitted under this Protective Order.

11. ***Improper Disclosure of Confidential and/or Highly Confidential Materials.*** If any CONFIDENTIAL or HIGHLY CONFIDENTIAL material is disclosed to any person to whom such disclosure is not authorized by this Protective Order, or other than in a manner authorized by this Protective Order, the party responsible for the disclosure shall, upon discovery of the disclosure, immediately inform the designating party of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to the party responsible for the disclosure (including, but not limited to, the name, address, telephone number, and employer of the person to whom the disclosure was made), shall immediately take all reasonable efforts to prevent further disclosure by each unauthorized person who received such information, and shall immediately require each unauthorized person to return all CONFIDENTIAL and/or HIGHLY CONFIDENTIAL material that was improperly disclosed to that person, all copies made of the improperly disclosed materials, and all documents containing excerpts from or references to the improperly disclosed materials.

12. ***Documents Under Seal.*** Any documents or testimony designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be subject to this Protective Order, including all confidential matters revealed in memoranda or other documents submitted to this Court. The Clerk of the Court shall maintain under seal such documents, information or testimony designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to be made available only to the Court and those persons identified.

13. ***Use of Confidential and/or Highly Confidential Materials in Other Proceedings.*** Unless the designating party otherwise agrees in writing or a court having proper jurisdiction otherwise orders, the "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" documents or transcripts and any information contained therein shall be used solely for purposes of this civil

action only, and shall not be used or offered for use in connection with any other litigation or proceeding of any kind, or for any business, commercial or other purpose.

14. ***Challenging Designation of Materials as Confidential or Highly Confidential.*** A party may challenge the designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL material or information as follows:

(a) If a party believes that material designated by another party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" has not been properly designated or should be reclassified or revealed to an individual not otherwise authorized to have access to such material under the terms of this Protective Order, that party (defined as the "Challenging Party" for purposes of this section) shall provide to the designating party written notice of this disagreement, sent via electronic mail or other means. The parties shall then attempt in good faith to resolve such dispute informally; and

(b) If the parties cannot resolve their dispute informally, the Challenging Party may request appropriate relief from a court having proper jurisdiction. The designating party bears the burden to establish that the contested material is confidential and appropriately designated. The material involved shall be treated according to its original designation during the pendency of the challenge.

15. ***Use of Confidential or Highly Confidential Material During Court Proceedings.*** If any CONFIDENTIAL or HIGHLY CONFIDENTIAL material is used in any pretrial proceedings in this litigation (including, but not limited to, conferences, oral arguments, and hearings), the material shall not lose its confidentiality status through such use so long as the Court agrees. The parties shall take all steps reasonably necessary to protect the confidentially of the material during any such use, including, but not limited to redacting confidential portions of

the documents that are not relevant to the disposition of the pre-trial proceedings. The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial. The parties shall meet and confer in good faith prior to trial to establish procedures for the use of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL material at trial, including the redaction of confidential portions of documents that are not relevant to the disposition of the litigation. If the parties are unable to reach an agreement on the use and/or classification of confidential documents to be used at trial, the Court shall in its discretion make such a determination during the pre-trial conference.

16. *Modification of Protective Order.* Each party reserves the right to request that the Court modify the terms of this Protective Order in the event that the party believes that a modification is necessary. If such an application is made, all persons to whom CONFIDENTIAL and/or HIGHLY CONFIDENTIAL material is disclosed as permitted herein shall remain bound by this Protective Order unless and until it is modified by the Court.

17. *Preservation of Rights and Privileges.* By entering into this Protective Order, the parties are not waiving their rights to assert that any document or information is not confidential. In the event there is any dispute whether the document or information is confidential, which the parties are unable to resolve, the Court shall determine the nature and extent to which the document or information may be used.

18. *Conclusion of Litigation.* Within thirty (30) days after the conclusion of this litigation, including the running of any time to appeal, counsel shall return to the producing party's counsel all documents and information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Protective Order, including all copies, prints, excerpts, and other reproductions of said documents or information. In the alternative, the producing party's counsel

may supervise the destruction of all "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" documents or information and advise counsel in writing that all "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" documents and information have been destroyed.

*Protective order to be lifted July 6, 2010.*

**SO ORDERED:**

_____
THE HONORABLE JEAN C. HAMILTON
Federal District Judge

Date: 2/2/09