UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE A. BRUTCHER, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:07CV1934 JCH |
| ) | |
| JEFFERSON COUNTY, MISSOURI, et al., ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Compel the Testimony of Plaintiff, filed February 5, 2009. (Doc. No. 67). The matter is fully briefed and ready for disposition.

By way of background, Plaintiff filed his Amended Complaint ("Complaint" or "Compl.") in this matter on August 7, 2008. (Doc. No. 55). In his Complaint, Plaintiff alleges that on the morning of June 26, 2004, Plaintiff failed to yield to law enforcement officers in Jefferson County, Missouri. (Compl., ¶ 11). Plaintiff maintains his motor vehicle then was pursued by Defendants Ricky L. Watson ("Watson")[1], and William McDaniel ("McDaniel")[2], and non-Defendant Zach Nagler. (Id., ¶¶ 7, 10, 11).

Plaintiff asserts once his vehicle came to a stop, McDaniel tackled him from behind, and Defendant Scott Burkard ("Burkard")[3] placed handcuffs so tightly that Plaintiff's wrists were scarred and his hands were left with a permanent loss of feeling. (Compl., ¶¶ 7, 12). Plaintiff states

---

[1] Watson was an officer employed by the Missouri State Highway Patrol. (Compl., ¶ 10).

[2] McDaniel was a deputy sheriff employed by the Jefferson County Sheriff's Department (the "Department"). (Compl., ¶¶ 6, 9).

[3] Burkard was a deputy sheriff with the Department. (Compl., ¶ 9).

Defendant Richard Beattie ("Beattie")[4] then administered an unreasonable and excessive amount of chemical spray to Plaintiff's facial area, and Beattie, Burkard and/or Defendant John Eric Stotler ("Stotler")[5] followed the orders of Defendant John Dolan ("Dolan")[6], and placed a "spit mask" over Plaintiff's head, thus intensifying and prolonging the effects of the chemical spray. (Id., ¶¶ 7, 13). On Dolan's orders, Beattie, Burkard, and/or Stotler then placed Plaintiff's legs in a hobble restraint, and secured it to the passenger seat of the patrol car. (Id., ¶ 14).

According to Plaintiff, while en route to the Jefferson County Jail, Beattie pulled the patrol car over, and Beattie, Stotler, and/or Defendant Christian Lamken ("Lamken")[7] pulled the incapacitated Plaintiff out of the vehicle and proceeded to kick and punch him in the face, abdomen and legs. (Compl., ¶¶ 7, 15). Beattie then transported Plaintiff to Jefferson Memorial Hospital, where Beattie, Burkard, Dolan, Lamken, McDaniel, and/or Stotler physically and verbally assaulted and threatened Plaintiff, twisted his ears and nose, and further tightened the handcuffs by pressing on Plaintiff's abdomen. (Id., ¶ 16). Plaintiff asserts Watson observed the unlawful excessive use of force, but failed to intervene despite Plaintiff's pleas for assistance. (Id., ¶ 18). Plaintiff finally asserts that at some point after his arrest, various court documents and legal papers detailing the alleged physical and emotional abuse were confiscated. (Id., ¶ 19).

Based on the foregoing allegations, Plaintiff asserts the following causes of action: violation of his First Amendment right of access to the courts, based on Defendants' confiscation of his legal materials (Count I); excessive force in violation of the Fourth, Fifth, and Fourteenth Amendments,

---

[4] Beattie was a deputy sheriff with the Department. (Compl., ¶ 9).

[5] Stotler was a corporal with the Department. (Compl., ¶ 9).

[6] Dolan was a lieutenant with the Department. (Compl., ¶ 9).

[7] Lamken was a deputy sheriff with the Department. (Compl., ¶ 9).

based on the actions of Defendants Beattie, Burkard, Dolan, Lamken, McDaniel, and Stotler (Count II); falsifying records, based on Defendants Glenn Boyer ("Boyer")[8], Steve Jerrell ("Jerrell")[9], and Dolan's actions in falsifying and/or concealing records and documents in order to cover up the alleged unlawful and excessive force (Count III); failure to instruct, control, and discipline, based on the existence of policies and customs within the Department that caused the constitutional deprivations (Count IV); negligence, based on Watson's failure to intervene on Plaintiff's behalf (Count V); and intentional infliction of emotional distress, based on the actions of Beattie, Burkard, Dolan, Lamken, McDaniel, Stotler, and Watson, that were designed to humiliate Plaintiff, and to inflict mental anguish, humiliation, emotional, and physical distress (Count VI). As relief, Plaintiff seeks both actual damages in an amount to be proven at trial, and punitive damages. (Compl., P. 11).

As stated above, Defendants Jefferson County, Boyer, Jerrell, McDaniel, Beattie, Dolan, Stotler, Lamken, and Burkard (collectively "Defendants") filed the instant Motion to Compel on February 5, 2009. (Doc. No. 67). In their motion, Defendants request an order from this Court that, by filing the instant suit, Plaintiff effectively waived his right to assert his Fifth Amendment privilege. (Id., P. 2). Defendants further request that the Court compel Plaintiff to respond fully to their inquiries, or face dismissal of his Complaint with prejudice. (Id.).

## **DISCUSSION**

In their Motion to Compel, Defendants elaborate on the facts underlying the instant suit as follows:

> This civil rights cause arises out of two separate arrests and the prosecution of Plaintiff in Jefferson County, Missouri. The first arrest

---

[8] Boyer was the sheriff of Jefferson County. (Compl., ¶ 7).

[9] Jerrell was the assistant prosecutor for Jefferson County, Missouri. (Compl., ¶ 8).

- 3 -

occurred on June 26, 2004, the second on July 31, 2004.[10] Plaintiff was prosecuted in one trial in 2006 on charges stemming from both arrests in 2004. Plaintiff has sued the arresting officers, Jefferson County, Missouri, its Sheriff, and the prosecuting attorney who prosecuted Plaintiff and ultimately obtained a conviction on several charges stemming from both arrests.

(Defendants' Memorandum in Support of their Motion to Compel the Testimony of Plaintiff ("Defendants' Memo in Support"), P. 1). According to Plaintiff, his conviction was affirmed by the Missouri Court of Appeals. (Plaintiff's Response, PP. 3-4). Plaintiff subsequently initiated a proceeding seeking a new trial pursuant to Missouri Supreme Court Rule 29.15, which is ongoing. (Id., P. 4).

On January 13, 2009, Defendants' counsel deposed Plaintiff in connection with the instant lawsuit. (Plaintiff's Response, P. 1). The deposition lasted over five hours, during which time Plaintiff answered questions relating to his background and relationships, the events prior to his arrest on June 26, 2004, the events directly leading up to such arrest, and the events that occurred while Plaintiff was in police custody that day. (Id.). When Defendants' attorney attempted to question Plaintiff with respect to his second arrest on July 31, 2004, however, Plaintiff asserted his Fifth Amendment privilege against self-incrimination and refused to answer. (Defendants' Memo in Support, P. 1).[11] The parties then agreed to suspend Plaintiff's deposition pending a ruling from this

---

[10] According to Plaintiff, following his June 26, 2004, arrest, he was held at the Jefferson County Jail until his release on bond on or about July 27, 2004. (Plaintiff George A. Brutcher's Response to Defendants' Motion to Compel the Testimony of Plaintiff ("Plaintiff's Response"), P. 2 n. 1). Plaintiff was arrested again on July 31, 2004, and charged in connection with an assault allegedly unrelated to the charges resulting from his June 26, 2004, arrest. (Id.).

[11] Defendants do not dispute that Plaintiff is entitled to assert his Fifth Amendment privilege in this civil case, given the pendency of his collateral attack on his conviction. (Defendants' Reply Memorandum in Support of their Motion to Compel the Testimony of Plaintiff, P. 1 n. 1). Defendants do, however, maintain Plaintiff, "cannot use his Fifth Amendment privilege as both a sword and a shield in this case." (Id.).

- 4 -

Court regarding whether Plaintiff waived his Fifth Amendment privilege by filing the instant suit. (Id., P. 4).

In their Motion to Compel, Defendants correctly note that under the federal discovery rules, parties to civil actions are entitled to all information that is relevant to the subject matter of the suit, unless such information is privileged. (Defendants' Memo in Support, P. 4, citing Fed.R.Civ.P. 26(b)(1)). Defendants continue to assert that, while a plaintiff may assert his Fifth Amendment right in a civil action when the answers might incriminate him in a pending criminal case, the Court retains the right to compel the plaintiff to waive the privilege and answer the questions, or have his civil case dismissed with prejudice.[12] (Id., citing Duffy v. Currier, 291 F.Supp. 810 (D. Minn. 1968), and Brown v. Ames, 346 F.Supp. 1176, 1177 (D. Minn. 1972)).

Upon consideration, the Court finds this case distinguishable from Brown v. Ames, in which the Minnesota district court indicated a willingness to compel the plaintiffs either to waive their Fifth Amendment privilege and respond to discovery, or face dismissal with prejudice. Brown v. Ames, 346 F.Supp. at 1177. In that case, the plaintiffs charged the defendants arrested them without legal or just cause, "there being no crime witnessed by the said defendants nor any lawful process or warrant issued for the arrest of the plaintiffs." Id. The plaintiffs then refused to answer any questions regarding their activities and conversations the day or evening prior to their arrest, however, claiming privilege under the Fifth Amendment.[13] Id. In holding that the plaintiffs must waive their privilege or face dismissal, the district court noted, "[t]here can be little question but what the field of inquiry

---

[12] According to Defendants, in the absence of Plaintiff's responses to their deposition inquiries, their ability to mount a full and effective defense to the instant claims will be compromised. (Defendants' Memo in Support, P. 5).

[13] Specifically, the plaintiffs refused to answer questions relating to a damaged car, the property referred to in the pending criminal charges.

is relevant, or may lead to the discovery of relevant evidence as to whether the police officers had probable cause to make the arrests here in question." Id.

By way of contrast, the Court finds Defendants' questions here regarding Plaintiff's second arrest seemingly bear no relation to the majority of his claims in the instant suit.[14] For example, from the face of the Complaint it appears Plaintiff's claims of excessive force, failure to instruct, control, and discipline, and negligence are based solely on allegations of events taking place prior to Plaintiff's second arrest on July 31, 2004. Furthermore, while several of Plaintiff's claims, including those for First Amendment violations and intentional infliction of emotional distress, appear to be inextricably linked to the second arrest and its aftermath, the Court agrees with Plaintiff it is more appropriate to address the possible dismissal of such claims in the context of a fully briefed dispositive motion.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel the Testimony of Plaintiff (Doc. No. 67) is **DENIED**.

Dated this 5th day of March, 2009.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[14] The Court says "seemingly" as, without more information regarding both Defendants' proposed questions and the evidence Plaintiff intends to present in support of his claims, the Court cannot state with certainty that the material sought is irrelevant.