UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE A. BRUTCHER, | ) |
| Plaintiff(s), | ) |
| vs. | ) Case No. 4:07CV1934 JCH |
| JEFFERSON COUNTY, MISSOURI, et al., | ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Jefferson County, Boyer, Jerrell, McDaniel, Beattie, Dolan, Stotler, Lamken, and Burkard's ("Defendants") Motion for Summary Judgment, filed April 13, 2009. (Doc. No. 78). The matter is fully briefed and ready for disposition.

## BACKGROUND

Defendant Jefferson County, Missouri (the "County"), is a political subdivision of the State of Missouri, created by and existing through the Constitution and statutes of the State of Missouri. (Defendants' Statement of Uncontroverted Material Facts ("Defendants' Facts"), ¶ 1). During the relevant time period, Defendants held the following positions: Oliver Glenn Boyer ("Boyer"), duly-elected Sheriff of the County; Richard Beattie ("Beattie"), duly-appointed deputy sheriff of the County; Scott Burkard ("Burkard"), duly-appointed deputy sheriff of the County; John Dolan ("Dolan"), duly-appointed deputy sheriff of the County, with the rank of lieutenant; Christian Lamken ("Lamken"), duly-appointed deputy sheriff of the County; William McDaniel ("McDaniel"), duly-appointed deputy sheriff of the County; John Eric Stotler ("Stotler"), duly-appointed deputy sheriff of the County, with the rank of corporal; and Steve Jerrell ("Jerrell"), assistant prosecuting attorney for the County. (Id., ¶¶ 2-9).

In the early morning hours of June 26, 2004, Plaintiff George Brutcher ("Brutcher") was operating a motor vehicle in the County. (Defendants' Facts, ¶ 11). In the vehicle with Brutcher was his then-girlfriend, Heather Cole ("Cole"). (Id., ¶ 12).

At some point during the early morning hours of June 26, 2004, a Festus law enforcement officer activated his emergency lights in an effort to pull over Brutcher. (Defendants' Facts, ¶ 13). Brutcher did not yield to the emergency lights and pull over; rather, he proceeded to drive at speeds at or slightly above the speed limit.[1] (Id., ¶ 14 and Brutcher's Response thereto; Brutcher's Statement of Additional Uncontroverted Material Facts in Opposition to Defendants' Motion for Summary Judgment ("Brutcher's Facts"), ¶ 5). Eventually, Defendants Dolan, McDaniel, and Trooper Ricky Watson ("Watson")[2] joined in the chase. (Defendants' Facts, ¶ 15; Brutcher's Facts, ¶ 6). According to Brutcher, the pursuit lasted between ten and thirteen minutes. (Brutcher's Facts, ¶ 7). Brutcher eventually lost control of the vehicle, and it came to a stop. (Defendants' Facts, ¶ 16). Brutcher maintains he then voluntarily exited the vehicle, and did not attempt to run or flee. (Brutcher's Facts, ¶ 10).

Brutcher was arrested at the scene, and taken into custody by deputy sheriffs of the County (the "first arrest"). (Defendants' Facts, ¶ 17). During the course of the first arrest, Brutcher alleges he was subjected to excessive, unnecessary, and unreasonable force at the hands of various County deputies, in that he was tackled, had handcuffs applied too tightly, had his head slammed into a vehicle, was sprayed with mace, had a "spit mask" placed over and duct-taped onto his head, and had

---

[1] Brutcher maintains he failed to yield because he was scared. (Brutcher's Memorandum in Opposition to Defendants' Motion for Summary Judgment, P. 2).

[2] Watson, a highway patrolman for the State of Missouri, filed a separate Motion for Summary Judgment.

his legs hobbled. (Id., ¶ 18).³ While being transported to the County's jail, Brutcher alleges he was subjected to further excessive, unnecessary, and unreasonable force at the hands of various County deputies, in that he was pulled from the vehicle, and punched and kicked in the face, abdomen, and legs. (Id., ¶ 19).

Brutcher was then transported to a local hospital⁴, where he alleges he was subjected to further excessive, unnecessary, and unreasonable force at the hands of various County deputies, in that his ears and nose were twisted, and the handcuffs were tightened by pressing on his abdomen. (Defendants' Facts, ¶ 20). Brutcher further maintains Defendant Stotler threatened to break his legs, and several Defendants threatened to leave him "dead in a ditch." (Brutcher's Amended Complaint ("Complaint" or "Compl."), ¶ 16). Upon leaving the hospital, Brutcher was taken to the County's jail, where he remained for approximately one month. (Defendants' Facts, ¶ 21). While in the County's jail, Brutcher alleges he was advised by his legal counsel to write certain notes regarding the events surrounding his first arrest. (Id., ¶ 23). Brutcher created and kept such notes in a notebook (the "Notebook"). (Id., ¶ 24 and Brutcher's Response thereto). The Notebook eventually was seized as evidence by employees of the Jefferson County Sheriff's Office in connection with a second arrest of Brutcher that took place on July 31, 2004 (the "second arrest"). (Id., ¶¶ 26, 28, and Brutcher's Response thereto). Defendant Prosecutor Jerrell eventually obtained the Notebook, and

---

³ Brutcher maintains he did not sustain injuries sufficiently severe to necessitate a trip to the hospital while at the scene of the first arrest. (Brutcher's Facts, ¶ 20).

⁴ While Defendants maintain Brutcher was transported to the hospital for a "fit for confinement" evaluation (Defendants' Facts, ¶ 20), Brutcher counters it was because he needed medical attention as a result of the injuries he sustained. (Brutcher's Facts, ¶ 36). Brutcher further alleges that while at the hospital, he received treatment for multiple lacerations to various parts of his face, cheeks, and nose. (Id., ¶ 42).

filed a motion *in limine* during the prosecution of the criminal cases against Brutcher, in an effort to keep Brutcher from recovering the Notebook. (Id., ¶ 32 and Brutcher's Response thereto).

Brutcher filed his original Complaint in this matter on November 16, 2007. (Doc. No. 1). In his Amended Complaint, filed August 7, 2008, Brutcher asserts the following causes of action against Defendants in their individual and official capacities: First Amendment violation, against all Defendants (Count I); Excessive Force, against Defendants Beattie, Burkard, Dolan, Lamken, McDaniel, and Stotler (Count II); Falsifying Reports[5], against Defendants Boyer, Dolan and Jerrell (Count III); Failure to Instruct, Control, & Discipline, against Defendants Boyer and Jefferson County (Count IV)[6]; and Intentional Infliction of Emotional Distress, against Defendants Beattie, Burkard, Dolan, Lamken, McDaniel, Stotler, and Watson (Count VI). (Doc. No. 55). As stated above, Defendants filed the instant Motion for Summary Judgment on April 13, 2009, asserting there are no material facts in dispute and Defendants are entitled to judgment as a matter of law. (Doc. No. 78).

## **SUMMARY JUDGMENT STANDARD**

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive

---

[5] Brutcher alleges Defendants Boyer, Dolan, and Jerrell, "sought to falsify and/or conceal records and documents in order to cover up the alleged unlawful force and excessive force used during the course of the arrest of Plaintiff Brutcher and during his time as a pretrial detainee." (Compl., ¶ 30).

[6] Brutcher's Amended Complaint mistakenly contains two Count IVS. The Court will refer to Brutcher's claims as follows: Count IV--Failure to Instruct, Control, & Discipline; Count V--Negligence; and Count VI--Intentional Infliction of Emotional Distress. Count V is directed only at Defendant Watson.

law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Anderson, 477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Id. at 249.

## DISCUSSION

**I. First Amendment Violation**

In Count I of his Complaint, Brutcher alleges Defendants violated his First Amendment right of access to the courts, by depriving him access to his legal materials. (Compl., ¶ 21). Specifically, Brutcher alleges the Notebook, containing notes regarding the events surrounding his first arrest, improperly was seized as evidence during his second arrest. (Defendants' Facts, ¶ 28).

    **A.** **Defendants Boyer, McDaniel, Beattie, Dolan, Stotler, Lamken, and Burkard**[7]

---

[7] Brutcher does not allege there existed within the County a policy or custom of improperly seizing evidence, and so Jefferson County escapes liability on Count I under the reasoning set forth in Section IV, infra.

With respect to Defendants Boyer, McDaniel, Beattie, Dolan, Stotler, Lamken, and Burkard, Defendants assert Brutcher fails to state a claim against them for the violation of his constitutional rights as alleged in Count I. (Defendants' Memorandum in Support of their Motion for Summary Judgment ("Defendants' Memo in Support"), PP. 18-19). In his Response to Defendants' Statement of Uncontroverted Material Facts, Brutcher admits Defendants Boyer, McDaniel, Beattie, Dolan, Stotler, Lamken, and Burkard never had personal custody of the Notebook that is the subject of his First Amendment claim. (Brutcher's Response to Defendants' Facts, ¶ 29). Brutcher further admits he personally never requested the return of the Notebook from any of these Defendants, nor is he aware that his attorney made such a request. (Id., ¶¶ 30, 31). Upon consideration of the foregoing, the Court finds that Brutcher fails to set forth facts indicating any of these Defendants were directly involved in or personally responsible for the alleged violation of his constitutional rights, and thus fails to state a claim against Defendants Boyer, McDaniel, Beattie, Dolan, Stotler, Lamken, and Burkard.[8] See Walls v. Highsmith, 2007 WL 4468694 at *2 (E.D. Mo. Dec. 17, 2007), quoting Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."). Defendants Boyer, McDaniel, Beattie, Dolan, Stotler, Lamken, and Burkard's Motion for Summary Judgment with respect to Count I of Brutcher's Complaint must therefore be granted.

**B.      Defendant Jerrell**

In their Motion for Summary Judgment, Defendants next assert Defendant Jerrell is entitled to absolute immunity with respect to his alleged violation of Brutcher's First Amendment rights.

---

[8] Brutcher did not respond to Defendants Boyer, McDaniel, Beattie, Dolan, Stotler, Lamken, and Burkard's Motion for Summary Judgment on Count I, and in fact specifically testified during his deposition that with respect to the First Amendment claim, his "beef" was with Prosecutor Jerrell. (Brutcher Dep., V2, P. 298).

(Defendants' Memo in Support, PP. 19-20). Under Eighth Circuit law, "[a] prosecutor enjoys absolute immunity for acts performed 'in initiating a prosecution and in presenting the State's case.'" Reasonover v. St. Louis County, Mo., 447 F.3d 569, 579 (8th Cir. 2006), quoting Imbler v. Pachtman, 424 U.S. 409, 431, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). "Without absolute immunity, the threat of civil rights suits would undermine the performance of their duties." Jackson v. Tyson, 2008 WL 5377877 at *4 (E.D. Mo. Dec. 19, 2008), citing Imbler, 424 U.S. at 424.

> [F]unctions [] intimately associated with the judicial phase of the criminal process[] as opposed to investigative police work or administrative duties [are] absolutely shielded from liability under section 1983 claims. Immunity is not defeated by allegations of malice, vindictiveness, or self-interest.

Reasonover, 447 F.3d at 579-80 (internal quotations and citations omitted).

With respect to Defendant Jerrell's role in the alleged confiscation of his legal materials, Brutcher testified as follows:

> Q. Sir, I understand that you believe that you were kept from this notebook.
> A. Right.
> Q. The problem is you have sued numerous individuals accusing them of keeping you from that notebook.
> A. Right.
> Q. I need to know what evidence you have as to what those individuals did to keep you from that notebook. I don't need your assumptions, I don't need your speculation, I need to know what you know. It's very simple. So I need to know what you know Mr. Jerrell did to keep you from this notebook.
> A. What I know Mr. Jerrell did–
> Q. Yes?
> A. --to keep me from getting that notebook?
> Q. Yes.
> A. He filed a motion [*in limine*] in my trial to keep that evidence out of the trial.
> Q. What evidence? The notebook?
> A. Yes.
> Q. Okay. Anything else he did?
> A. No.

(Brutcher Dep., V2, PP. 296-97).[9]

Upon consideration of the foregoing, the Court finds the sole act of Jerrell complained of by Brutcher in Count I was a prosecutorial function and thus protected. Reasonover, 447 F.3d at 580. In other words, Jerrell's filing of a motion *in limine* to prohibit the introduction of evidence at trial was an action intimately associated with the prosecution of Brutcher's alleged criminal acts. Id. Jerrell's Motion for Summary Judgment on Count I of Brutcher's Complaint must therefore be granted.[10]

## II.  **Excessive Force**

In Count II of his Complaint, Brutcher alleges Defendants Beattie, Burkard, Dolan, Lamken, McDaniel, and Stotler utilized excessive force in effecting his arrest on June 26, 2004. (Compl., ¶¶ 23-28). Defendants assert Brutcher should be prohibited from pursuing this claim at trial, because he refused to answer numerous questions relevant to the claim, invoking instead his Fifth Amendment privilege against self-incrimination. (Defendants' Memo in Support, PP. 21-22).[11] Specifically, Defendants maintain Brutcher's invocation of his Fifth Amendment privilege in response to their questions regarding the second arrest prevented them from exploring fully his claim of emotional

---

[9] In his Response to Defendants' Statement of Uncontroverted Material Facts, Brutcher admits he personally never requested the return of the Notebook from Defendant Jerrell, nor is he aware that his attorney made such a request. (Brutcher's Response to Defendants' Facts, ¶¶ 30, 31).

[10] In light of the above ruling, the Court need not address Defendants' assertion that summary judgment is appropriate as to Count I because Brutcher refused to answer numerous questions relevant to the claim, instead invoking his Fifth Amendment privilege against self-incrimination. (Defendants' Memo in Support, PP. 17-18).

[11] In their Memorandum in Support, Defendants quote several pages of Brutcher's deposition testimony, in which he invoked his Fifth Amendment privilege against self-incrimination as a means to avoid answering questions regarding his second arrest on July 31, 2004. (Defendants' Memo in Support, PP. 8-14, quoting Brutcher Dep., V2, PP. 315-19).

damages, and from exploring the discrepancies between his testimony and that of Cole.[12] The Court will address the assertions in turn.

### A. **Emotional Damages**

In their Motion for Summary Judgment on Count II, Defendants first assert Brutcher's invocation of the Fifth Amendment in response to their questioning regarding the second arrest prevented them from exploring fully his claim of emotional damages resulting from the alleged use of excessive force. (Defendants' Memo in Support, P. 21). Specifically, Defendants assert that the "vicious knife attack of Ms. Cole"[13] giving rise to the second arrest would certainly have impacted any emotional distress allegedly suffered by Brutcher. (Id.). Brutcher offers no response to this claim, and upon consideration the Court agrees that Brutcher's refusal to answer questions regarding the second arrest impacted Defendants' ability to explore the roots of his alleged emotional distress damages. Defendants' Motion for Summary Judgment with respect to Brutcher's claim for emotional distress damages in connection with Count II will therefore be granted.[14]

### B. **Contradictory Testimony**

Defendants next assert there exists, "significant and contradictory evidence in this case regarding the source of any alleged injuries suffered by Mr. Brutcher on the night of the First Arrest, particularly, whether the alleged injuries suffered by Mr. Brutcher were as a result of Ms. Cole

---

[12] The Court finds it inappropriate to grant summary judgment based on Defendants' brief reference to Brutcher's refusal to testify regarding his alleged attempt to tamper with Cole's testimony.

[13] According to Defendants, the basis of the second arrest was, *inter alia*, Brutcher's stabbing of Cole with a knife seventeen times. (Defendants' Facts, ¶ 27).

[14] A portion of Brutcher's Count II claim survives Defendants' Motion for Summary Judgment, however, as he provides evidence of actual physical injuries allegedly resulting from the excessive force. Brutcher's refusal to answer questions regarding his second arrest did not prevent Defendants from exploring fully the nature and cause of those physical injuries suffered on June 26, 2004.

kicking and punching Plaintiff numerous times as he sped down county roads in an attempt to elude law enforcement; or whether the alleged injuries were suffered at the hands of Defendants." (Defendants' Memo in Support, P. 21). Defendants apparently maintain Brutcher's refusal to testify regarding the facts leading to the second arrest impacted their ability to explore the source of his physical injuries during the first arrest. (Id., P. 22).

Upon consideration, the Court finds the circumstances surrounding the second arrest have no bearing on whether or not the force utilized during the first arrest was excessive. With respect to the contradictory testimony, both Brutcher and Cole apparently answered all questions relating to the first arrest and the source of Brutcher's physical injuries. Defendants are free to explore any discrepancies in their testimony at trial, and so this portion of their Motion for Summary Judgment on Count II of Brutcher's Complaint will be denied.

### III. Falsifying Reports

In Count III of his Complaint, Brutcher alleges Defendants Boyer, Dolan, and Jerrell, "sought to falsify and/or conceal records and documents in order to cover up the alleged unlawful force and excessive force used during the course of the arrest of Plaintiff Brutcher and during his time as a pretrial detainee." (Compl., ¶ 30). During his deposition, however, Brutcher testified he had no evidence any of these three Defendants falsified records or documents related to his case. (Brutcher Dep., V2, PP. 298-302). Brutcher further testified he had no evidence Defendants Boyer, Dolan, or Jerrell did anything to conceal records from him.[15] (Id., P. 302). Defendants' Motion for Summary Judgment on Count III of Brutcher's Complaint must therefore be granted.

### IV. Failure to Instruct, Control, & Discipline

---

[15] To the extent Brutcher claims Jerrell concealed records in connection with his filing of the motion *in limine*, summary judgment on Count III is appropriate under the same reasoning as that set forth in section IB, supra.

In Count IV of his Complaint, Brutcher alleges as follows:

35. There exists within Jefferson County, Missouri, and the Jefferson County Sheriff's Department, policies or customs, practices, and usages that are so pervasive that they constitute the policy of Defendant Jefferson County and of Defendant Boyer that caused the constitutional deprivations of Plaintiff Brutcher as have been more fully set forth herein.

36. The policies, customs, practices, and usages that exist and have existed are as follows:
    (a) to physically assault, abuse, or otherwise use unlawful force and excessive force against citizens, without regard for the need for the use of force, or without regard for the legality of its use, and in a retaliatory or punitive way;
    (b) to ratify misconduct of Jefferson County Sheriff's deputies by failing to correct or discipline officers who engage in misconduct;
    (c) failing to receive, investigate, and sustain complaints of deputy misconduct, which is also a failure by Defendant Boyer to supervise and control the Department's deputies, which causes the deputies to believe they are authorized to engage in misconduct;
    (d) the practice of the deputies to protect one another by failing to report misconduct of other deputies, known or suspected, and by lying about incidents of misconduct; and
    (e) to utilize Jefferson Memorial Hospital and its facilities to cover up the use of unlawful force and excessive force by the Department against citizens; to utilize Jefferson Memorial Hospital and its facilities to continue to physically assault, abuse, and otherwise use unlawful force and excessive force against citizens.

37. Defendant Boyer is and was the Sheriff of Jefferson County and the commander of the Department; he is delegated with the power and authority to control the conduct of the deputies of his department by Jefferson County; he has failed and refused to properly train the deputies on the constitutional limits on the use of force; and he has failed to control and discipline the deputies of the Department.

38. Defendant Boyer is the policymaker for the Department and the failure of Defendant Boyer to affirmatively act in the face of transgressions about which he knew or should have known, establishes the policy of the Department to condone or otherwise tolerate constitutionally violative conduct in general and specifically the constitutionally violative conduct alleged in this Complaint; Defendant Boyer failed to affirmatively act to properly screen, train, or discipline the deputies when they engaged in constitutionally violative conduct.

(Compl., ¶¶ 35-38).

### A. Section 1983 Liability For Defendant Jefferson County

In their Motion for Summary Judgment, Defendants assert Count IV of Brutcher's Complaint must be dismissed as to Defendant Jefferson County, because the County cannot be held vicariously liable for the actions of its officers. (Defendants' Memo in Support, PP. 27-29). Under Eighth Circuit law, "'[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents' on a theory of respondeat superior." Andrews v. Fowler, 98 F.3d 1069, 1074 (8th Cir. 1996), quoting Monell v. Dep't of Social Servs. of the City of New York, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38, 56 L.Ed.2d 611 (1978). "Rather a plaintiff seeking to impose such liability is required to identify either an official municipal policy or a widespread custom or practice that caused the plaintiff's injury." Jackson v. East Prairie Police Dep't, 2006 WL 156717 at *2 (E.D. Mo. Jan. 20, 2006) (internal quotations and citation omitted).

In his Complaint, Brutcher alleges Defendant Jefferson County is liable for its policies or customs of permitting the use of excessive force against citizens, failing to supervise, control, or discipline its individual law enforcement officers, and utilizing Jefferson Memorial Hospital and its facilities to cover up the officers' use of excessive force. (Compl., ¶¶ 35-38). In order to hold a municipality liable under Section 1983, "[t]here must exist a prior pattern of unconstitutional conduct that is so 'persistent and widespread' as to have the effect and force of law." Andrews, 98 F.3d at 1075 (citations omitted). Further, "[t]o establish a city's liability based on its failure to prevent misconduct by employees, the plaintiff must show that city officials had knowledge of prior incidents of police misconduct and deliberately failed to take remedial action." Id. (internal quotations and citations omitted).

Upon consideration, the Court finds Brutcher fails to present evidence tending to demonstrate Defendant Jefferson County had in effect the above described policies or customs. Rather, the only

evidence offered by Brutcher in support of his claim, an internal analysis of the use of force by the County's deputies in 2004, supports Defendants' contention that neither a policy nor a widespread and persistent pattern of unconstitutional misconduct existed within the department. Summary judgment on this portion of Defendants' motion must therefore be granted. See Poehl v. Randolph, 2006 WL 1236838 at *8 (E.D. Mo. May 3, 2006).

### B. Section 1983 Liability For Defendant Boyer

In their Motion for Summary Judgment, Defendants further assert Count IV of Brutcher's Complaint must be dismissed as to Defendant Boyer, because he cannot be held vicariously liable for the actions of his subordinate officers. (Defendants' Memo in Support, PP. 27-29). As stated above, under Eighth Circuit law, it is well settled that the doctrine of respondeat superior is inapplicable to § 1983 claims. Vaughn v. Greene County, Ark., 438 F.3d 845, 851 (8th Cir. 2006). Rather, "[f]or a plaintiff to succeed on a § 1983 claim, he must demonstrate that the defendant was personally involved in the constitutional deprivation or had actual knowledge of the injury." Carter v. Blake, 2006 WL 568347 at *2 (E.D.Mo. Mar. 7, 2006) (citation omitted).

Upon review of the record, the Court finds Brutcher fails to provide facts demonstrating Defendant Boyer's personal involvement in, or knowledge of the events leading to the current charges. Further, as noted above, Brutcher offers absolutely no evidence of a departmental policy or custom permitting constitutional violations. Defendant Boyer's Motion for Summary Judgment with respect to Count IV of Brutcher's Complaint will therefore be granted.[16]

## V. Intentional Infliction Of Emotional Distress

---

[16] In his Complaint, Brutcher alleges Boyer may be liable for his failure to train the subordinate officers. (Compl., ¶ 38). Brutcher offers no evidence of the alleged failure to train, however, and so summary judgment will be granted on this claim as well.

In Count VI of his Complaint, Brutcher alleges Defendants' conduct on June 26, 2004, amounted to the intentional infliction of emotional distress. (Compl., ¶ 46-49). In their Motion for Summary Judgment on Count VI, Defendants again assert Brutcher's invokation of the Fifth Amendment in response to their questioning regarding his second arrest prevented them from exploring fully his claim of emotional distress resulting from their allegedly outrageous behavior. (Defendants' Memo in Support, P. 30). Brutcher offers no response to this claim and thus, as with Count II, <u>supra</u>, the Court finds Brutcher's refusal to answer questions regarding the second arrest adversely impacted Defendants' ability to explore the roots of his alleged emotional distress.[17] Defendants' Motion for Summary Judgment with respect to Brutcher's claim for the intentional infliction of emotional distress in Count VI must therefore be granted.[18]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Jefferson County, Boyer, Jerrell, McDaniel, Beattie, Dolan, Stotler, Lamken and Burkard's Motion for Summary Judgment (Doc. No. 78) is **GRANTED** in part and **DENIED** in part.

---

[17] To the extent Brutcher complains in Count VI of the alleged physical beating he received at the hands of Defendants Beattie, Burkard, Dolan, Lamken, McDaniel, and Stotler, the Court finds a claim for intentional infliction of emotional distress will not lie where the alleged conduct is intended to invade other legally protected interests of the plaintiff, or to cause bodily harm. See <u>Green v. Missouri</u>, 2008 WL 4833020 at *4 (E.D. Mo. Nov. 5, 2008) (internal quotations and citation omitted) ("While recovery for emotional distress caused by battery may be allowable as an element of damages in a battery action, there is no independent action for intentional infliction of emotional distress where the existence of the claim is dependent upon a battery.").

[18] Summary judgment on Count VI is granted with respect to Defendant Watson as well.

**IT IS FURTHER ORDERED** that Defendants Jefferson County, Boyer, and Jerrell's Motion for Summary Judgment is **GRANTED** in its entirety, and Brutcher's claims against Defendants Jefferson County, Boyer and Jerrell are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Defendants McDaniel, Beattie, Dolan, Stotler, Lamken and Burkard's Motion for Summary Judgment on Count I of Brutcher's Complaint is **GRANTED**, and Count I is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Defendants McDaniel, Beattie, Dolan, Stotler, Lamken and Burkard's Motion for Summary Judgment on Count II of Brutcher's Complaint is **GRANTED** in part and **DENIED** in part, in accordance with the foregoing.

**IT IS FURTHER ORDERED** that Defendant Dolan's Motion for Summary Judgment on Count III of Brutcher's Complaint is **GRANTED**, and Count III is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Defendants McDaniel, Beattie, Dolan, Stotler, Lamken and Burkard's Motion for Summary Judgment on Count VI of Brutcher's Complaint is **GRANTED**, and Count VI is **DISMISSED** with prejudice.

Dated this 19th day of June, 2009.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE