UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE A. BRUTCHER, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:07CV1934 JCH |
| ) | |
| JEFFERSON COUNTY, MISSOURI, et al., ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Ricky Watson's ("Watson") Motion for Summary Judgment, filed April 13, 2009. (Doc. No. 76). The matter is fully briefed and ready for disposition.

## BACKGROUND

On the evening of June 25, 2004, Plaintiff George Brutcher ("Brutcher") drove with Heather Cole ("Cole") to the City of St. Louis to purchase crack cocaine. (Defendant Watson's Uncontroverted Material Facts ("Watson's Facts"), ¶ 2). After purchasing the crack cocaine on Jefferson Avenue, they returned towards home. (Id., ¶ 3). On the way home, they parked near the Highway 21 bridge off Meramec Bottom Road, got out of the car, and walked into the woods. (Plaintiff George A. Brutcher's Response to Defendant Watson's Statement of Uncontroverted Material Facts ("Brutcher's Response to Watson's Facts"), ¶ 4). They prepared to smoke the crack cocaine, but before they could do so, Brutcher became concerned about a helicopter flying overhead and threw the drugs into the woods. (Watson's Facts, ¶ 4).

Upon returning to the car and continuing to drive, Brutcher observed a police car, and believed they were being followed by other cars. (Watson's Facts, ¶ 5). Brutcher then accused Cole

of "setting him up," and proceeded to hit her in the face and ask her to take off her bra, which he threw out the window of the car. (Id., ¶¶ 5, 6).[1]

At some point Brutcher turned left onto Highway A, and began traveling toward Hillsboro, Missouri. (Watson's Facts, ¶ 7). A Festus police officer in a marked police vehicle attempted to stop his vehicle, but Brutcher failed to yield despite the fact that the police officer had activated his emergency equipment.[2] (Id., ¶¶ 7, 8). Other police vehicles eventually became involved in the chase, including one operated by Watson, a Missouri State Highway Patrol Trooper. (Id., ¶ 9).

At some point, Brutcher and Cole became involved in a physical altercation inside the vehicle he was driving. (Watson's Facts, ¶ 10). Brutcher's car came to rest after Cole kicked his hands off the steering wheel. (Brutcher's Response to Watson's Facts, ¶ 11, citing Brutcher Dep., PP. 114-117). Brutcher then exited the car[3], and was told by the officers to get on the ground. (Id., ¶ 12). Jefferson County deputy William McDaniel ("McDaniel") then tackled Brutcher and took him to the ground[4], where Brutcher was handcuffed and taken into custody. (Id., ¶ 13). After being escorted by Jefferson County deputies to their car, Brutcher did not see Watson again at the initial scene of the arrest. (Id., ¶ 14).

---

[1] Brutcher maintains he asked Cole to remove her bra because he thought she was wearing a wire. (Brutcher's Response to Watson's Facts, ¶ 6, citing Brutcher Dep., P. 76).

[2] Brutcher maintains he failed to yield to the law enforcement officer because he was scared. (Brutcher's Response to Watson's Facts, ¶ 10, citing Brutcher Dep., P. 108).

[3] Brutcher maintains he exited the vehicle voluntarily, and did not attempt to run or flee. (Brutcher's Statement of Additional Uncontroverted Material Facts, ¶ 10, citing McDaniel Dep., P. 69; Watson Dep., PP. 50-51; Brutcher Dep., PP. 123-124).

[4] According to Watson, McDaniel tackled Brutcher because he did not comply with the officers' order to drop to the ground. (Defendant Watson's Suggestions in Support of his Motion for Summary Judgment ("Watson's Memo in Support"), P. 5).

Shortly after leaving the scene of the initial arrest, Jefferson County deputy Richard Beattie pulled over his vehicle. (Watson's Facts, ¶ 16). Watson responded to the second location, but did not take part in any of the alleged physical abuse inflicted on Brutcher at that site. (Id., ¶ 17).[5]

Brutcher then was transported by Jefferson County deputies to Jefferson Memorial Hospital. (Watson's Facts, ¶ 19). Watson was present in Brutcher's hospital room, but did not twist the nose, twist the ears, or push on the stomach of Brutcher. (Id., ¶¶ 20, 21).[6]

Brutcher eventually was taken to the county jail, but not by Defendant Watson. (Watson's Facts, ¶¶ 24, 25). Brutcher did not see Watson again until Brutcher's Rule 29.15 evidentiary hearing, held March 27, 2009. (Brutcher's Response to Watson's Facts, ¶ 25, citing Brutcher Dep., PP. 338-39).

Brutcher filed his original Complaint in this matter on November 16, 2007. (Doc. No. 1). In his Amended Complaint, filed August 7, 2008, Brutcher asserts the following causes of action against Watson in his individual capacity: First Amendment violation (Count I)[7]; Negligence (Count

---

[5] Watson asserts he was only at the second scene for approximately thirty seconds, and left after being assured by the other officers that everything was under control. (Watson's Memo in Support, P. 5). Brutcher conversely alleges he sustained injuries as a result of Watson's failure to act at the second location. (Brutcher's Response to Watson's Facts, ¶ 17, citing Brutcher Dep., PP. 188, 330-36, 346).

[6] In his Amended Complaint Brutcher alleges Watson observed the use of excessive force at Jefferson Memorial Hospital, but failed to intervene despite Brutcher's pleas for assistance. (Amended Compl., ¶ 18).

[7] In his response to Watson's Motion for Summary Judgment, Brutcher admits Watson did not violate his First Amendment rights as alleged in Count I. (Brutcher's Response to Watson's Facts, ¶¶ 26-27, citing Brutcher Dep., P. 338). Watson's Motion for Summary Judgment with respect to Count I will therefore be granted.

V)[8]; and Intentional Infliction of Emotional Distress (Count VI)[9]. (Doc. No. 55). As stated above, Watson filed the instant Motion for Summary Judgment on April 13, 2009, asserting there are no material facts in dispute and Watson is entitled to judgment as a matter of law. (Doc. No. 76).

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. Anderson, 477 U.S. at 256.

---

[8] Brutcher's Amended Complaint mistakenly contains two Count IVS. The Court will refer to Brutcher's claims as follows: Count V--Negligence; and Count VI--Intentional Infliction of Emotional Distress.

[9] In a Memorandum and Order addressing Defendants Jefferson County, Boyer, Jerrell, McDaniel, Beattie, Dolan, Stotler, Lamken, and Burkard's Motion for Summary Judgment, entered this day and incorporated herein, the Court granted summary judgment to Defendant Watson on Count VI of Brutcher's Amended Complaint.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Anderson, 477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Id. at 249.

## DISCUSSION

In Count V of his Amended Complaint, Brutcher alleges in relevant part as follows:

43. Defendant Watson had a duty to intervene upon observing the use of unlawful force and excessive force by Defendants Beattie, Burkhard [sic], Dolan, Lamken, McDaniel, and Stotler.

44. Defendant Watson breached his duty of care when he failed to intervene upon observing the use of unlawful force and excessive force by Defendants Beattie, Burkhard [sic], Dolan, Lamken, McDaniel, and Stotler and acted in bad faith or with malice.

(Amended Compl., ¶¶ 43-44). During his deposition, Brutcher testified as follows:

Q. So the basis of your complaint as to Count [V], negligence, where you alleged [Watson] of breaching his duty to care because he failed to intervene, you're talking about the incident in the hospital room where he–
A. Right.
Q. --where you asked for help and he shrugged his shoulders?
A. Right....
Q. ....And so you're not really saying that--at either of the two prior scenes where you were arrested or where they had to stop, he really didn't do anything there?
A. Right.
Q. All of his actions that you're complaining of occurred at Jefferson Memorial?
A. Correct.

(Brutcher Dep., P. 359).

In his Motion for Summary Judgment, Defendant Watson asserts Brutcher's negligence claim against him must be dismissed, as he is entitled to official immunity from tort liability. (Watson's Memo in Support, PP. 10-12). Under Eighth Circuit law, "[t]he official immunity doctrine provides that public officials acting within the scope of their authority are not liable in tort for injuries arising

from their discretionary acts or omissions." Seiner v. Drenon, 304 F.3d 810, 813 (8th Cir. 2002) (internal quotations and citation omitted).[10] The doctrine is not absolute, however; rather, there exist "certain exceptions to official immunity for discretionary acts performed in bad faith or with malice." Conway, 254 S.W3d at 165 (citation omitted).

> Bad faith signifies a dishonest purpose or conscious wrongdoing or breach of a known duty through ulterior motives or ill will. It requires actual intent to mislead or deceive another. Malice also requires intent. To act with malice, the officer must do that which a man of reasonable intelligence would know to be contrary to his duty and intend such action to be injurious to another.

Id. (citations omitted).

Upon consideration, the Court finds that even assuming Watson's alleged inaction at the hospital constituted a discretionary function, rather than ministerial[11], summary judgment is inappropriate because Brutcher provides evidence the conduct was undertaken in bad faith or with malice. (Brutcher's Memorandum in Opposition to Watson's Motion for Summary Judgment, P. 14). Specifically, during his deposition Brutcher testified that when he asked Watson to protect him from the other officers, Watson merely shrugged, "like there was nothing he could do about it." (Brutcher Dep., PP. 351-52). Watson offers no response to Brutcher's claim, and thus the Court finds a genuine issue of material fact remains with respect to whether Watson engaged in conscious wrongdoing, thereby precluding him from claiming official immunity. Blue v. Harrah's North Kansas

---

[10] "A discretionary act requires the exercise of reason and discretion in determining how an act should be done or what course should be pursued." Conway v. St. Louis County, Mo., 254 S.W.3d 159, 164 (Mo. App. 2008) (citation omitted).

[11] Liability is imposed for torts committed when a public officer acts in a ministerial capacity. Norton v. Smith, 782 S.W.2d 775, 777 (Mo. App. 1989).

City, LLC, 170 S.W.3d 466, 479-80 (Mo. App. 2005). Watson's Motion for Summary Judgment on Count V of Brutcher's Amended Complaint must therefore be denied.[12]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Ricky Watson's Motion for Summary Judgment (Doc. No. 76) is **GRANTED** in part and **DENIED** in part, in accordance with the foregoing.

Dated this 19th day of June, 2009.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[12] Although the Court dismissed the sole federal cause of action against Defendant Watson, it nevertheless may exercise pendent party jurisdiction because the negligence claim against him is "'so related to claims in the action within the original jurisdiction that [it] forms part of the same case or controversy.'" Schuster v. Anderson, 378 F.Supp.2d 1070, 1121 n. 9 (N.D. Iowa 2005), quoting 28 U.S.C. § 1367(a).